# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>        *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>U.S. CUSTOMS AND<br>BORDER PROTECTION,<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229,<br><br>U.S. IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW<br>Washington, DC 20536,<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600,<br><br>and<br><br>NATIONAL GUARD BUREAU<br>111 South George Mason Drive<br>Arlington, VA 22204-1373<br><br>        *Defendants.* | Case No. 20-2153 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Justice, the U.S. Department of Homeland Security, U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, U.S. Department of Defense, and the National Guard Bureau under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government

through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components. DOJ has possession, custody, and control of the records that American Oversight seeks.

7.     Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  The DHS Privacy Office (DHS) coordinates FOIA requests for several DHS components.  DHS has possession, custody, and control of the records that American Oversight seeks.

8.     Defendant U.S. Customs and Border Patrol (CBP) is a component of DHS headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CBP has possession, custody, and control of the records that American Oversight seeks.

9.     Defendant U.S. Immigration and Customs Enforcement (ICE) is a component of DHS headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession, custody, and control of the records that American Oversight seeks.

10.     Defendant the U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession,

custody, and control of the records that American Oversight seeks.

11.     Defendant National Guard Bureau (National Guard) is a component of DOD

headquartered in Virginia, and an agency of the federal government within the meaning of

5 U.S.C. § 552(f)(1). The National Guard has possession, custody, and control of the records that

American Oversight seeks.

## **STATEMENT OF FACTS**

### *Attorney General Directives Request*

12.     On June 4, 2020, American Oversight submitted a FOIA request to DOJ seeking

the following records:

1.  All records reflecting any presidential directive or order placing
    Attorney General Barr in charge of leading, directing, or
    coordinating the federal response to protests or purportedly
    unlawful activity following the May 25, 2020 police killing of
    George Floyd.

2.  Records reflecting all orders, directives, and guidance issued by
    Attorney General Barr in the course of his role in leading the
    federal response to protests or purportedly unlawful activity
    following the May 25, 2020 police killing of George Floyd. In
    addition to formal orders or memoranda, email and text message
    records of high-ranking aides to the Attorney General
    communicating or memorializing directives and orders from the
    Attorney General are also responsive to this request.

3.  Records sufficient to identify all federal police forces, national
    guard forces, and/or military forces deployed domestically in
    response to protests or purportedly unlawful activity following
    the May 25, 2020 police killing of George Floyd. Spreadsheets
    and informational documents used to inform the Attorney
    General and his staff of the status and location of such
    deployments, as well as the number of personnel and assets
    deployed are responsive to this request.

13.     American Oversight requested all responsive records from May 26, 2020, through the date of the search.

14.     By letter dated June 18, 2020, DOJ acknowledged receipt of the Attorney General Directives Request and assigned it tracking number FOIA-2020-01314.

15.     American Oversight has received no further communication from DOJ regarding the Attorney General Directives Request.

*Protest Response Directives and Guidance Request*

16.     On June 25, 2020, American Oversight submitted a FOIA request to CBP, ICE, and the National Guard seeking the following records:

> 1.  All records reflecting any order, directive, or guidance (including informal direction distributed to your agency's officers, agents, or members) regarding your agency's use of force guidelines, policies, doctrines, or protocols (including, but not limited to, all records specifying circumstances and limitations for the use of force).
>
> 2.  All records reflecting any order, directive, or guidance (including informal direction distributed to your agency's officers, agents, or members) regarding your agency's rules of engagement (including, but not limited to, all records specifying intervention criteria).
>
> 3.  All records reflecting any order, directive, or guidance (including informal direction distributed to your agency's officers, agents, or members) regarding the deployment of your agency's officers, agents, or members (including, but not limited to, all records specifying logistical deployment information).
>
> 4.  All records reflecting any order, directive, or guidance (including informal direction distributed to your agency's officers, agents, or members) regarding the visual or verbal presentation of law enforcement credentials identifying your agency's officers, agents, or members[1] deployed in response

---

[1] Reports indicate that Military Police Corps, U.S. Park Police, Customs and Border Protection, Bureau of Prisons, National Guard, U.S. Marshals Service, Bureau of Alcohol, Tobacco,

> to protests or purported civil unrest (including, but not
> limited to, all records concerning verbal self-identification
> to members of the public or press, badge display standards
> or requirements, or name display standards or requirements).

17.     American Oversight requested all responsive records drafted, revised, finalized, or distributed from May 25, 2020 through June 5, 2020.

18.     American Oversight sought expedited processing of the Protest Response Directives and Guidance Request, citing, among other things, the urgent need to inform the public about federal guidance and directives related to agencies' response to protests, in combination with the fact that American Oversight is primarily engaged in disseminating the information it receives from public records requests to the public.

19.     By letter dated July 1, 2020, ICE acknowledged receipt of the Protest Response Directives and Guidance Request and assigned it tracking number 2020-ICFO-60042.

20.     American Oversight has received no further communication from ICE regarding the Protest Response Directives and Guidance Request.

21.     By letter dated July 20, 2020, the National Guard acknowledged receipt of the Protest Response Directives and Guidance Request and assigned it tracking number #J-20-0150.

22.     American Oversight has received no further communication from the National Guard regarding the Protest Response Directives and Guidance Request.

23.     By email notification dated July 23, 2020, American Oversight was informed that CBP had assigned the Protest Response Directives and Guidance Request tracking number CBP-OAM-2020-062312.

---

Firearms and Explosives, Immigration and Customs Enforcement Homeland Security Investigations, Transportation Security Administration, Drug Enforcement Administration, and Federal Bureau of Investigation Hostage Rescue Team officers, agents, and members were so deployed.

24.     American Oversight has received no further communication from CBP regarding the Protest Response Directives and Guidance Request.

*Protest Assessments Request*

25.     On June 10, 2020, American Oversight submitted a FOIA request to DOJ and DHS seeking the following records:

> Any final assessments, reports, recommendations, prepared for or provided to any of the individuals or offices specified below, regarding data or intelligence collected from, or otherwise concerning, the nationwide protests or civil disturbances (and related activity, including purported unlawful activity) sparked by the police killing of George Floyd on May 25, 2020, including potential or purported unlawful activity or threats to public safety.
>
> Department of Justice:
> i.    Attorney General William Barr
> ii.   Deputy Attorney General Jeffrey A. Rosen
> iii.  Chief of Staff Will Levi
>
> . . .
>
> Department of Homeland Security:
> i.    Acting Secretary of Homeland Security Chad Wolf
> ii.   Acting Chief of Staff John Gountanis

26.     American Oversight requested all responsive records from May 26, 2020, through the date a search is conducted.

27.     By letter dated June 15, 2020, DHS acknowledged receipt of the Protest Assessments Request and assigned it tracking number 2020-HQFO-01268.

28.     By letter dated June 16, 2020, DOJ acknowledged receipt of the Protest Assessments Request and assigned it tracking number FOIA-2020-01373.

*Exhaustion of Administrative Remedies*

29.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA requests, including the

full scope of any responsive records Defendants intend to produce or withhold and the reasons

for any withholdings; or (b) produce all of the requested records or demonstrate that the

requested records are lawfully exempt from production.

30.    Through Defendants' failure to make determinations as to American Oversight's

FOIA requests within the time period required by law, American Oversight has constructively

exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

31.    American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

32.    American Oversight properly requested records within the possession, custody,

and control of Defendants.

33.    Defendants are agencies—and components thereof—subject to and within the

meaning of FOIA and must therefore make reasonable efforts to search for requested records.

34.    Defendants have failed to promptly and adequately review agency records for the

purpose of locating those records that are responsive to American Oversight's FOIA requests.

35.    Defendants' failures to conduct adequate searches for responsive records violate

FOIA.

36.    Plaintiff American Oversight is therefore entitled to injunctive and declaratory

relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for

records responsive to American Oversight's FOIA requests.

<u>**COUNT II**</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

37.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38.     American Oversight properly requested records within the possession, custody, and control of Defendants.

39.     Defendants are agencies—and components thereof—subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

40.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

41.     Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

42.     Defendants' failures to provide all non-exempt responsive records violate FOIA.

43.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## <u>REQUESTED RELIEF</u>

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 7, 2020                Respectfully submitted,

*/s/ Hart W. Wood*
Hart W. Wood
D.C. Bar No. 1034361

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1743
hart.wood@americanoversight.org

*Counsel for Plaintiff*